# CASES

## ARGUED AND DETERMINED

### IN THE

## CIRCUIT COURTS OF APPEALS AND DISTRICT COURTS OF THE UNITED STATES, AND COURT OF APPEALS OF THE DISTRICT OF COLUMBIA

---

### NEW YORK LIFE INS. CO. v. CUMINS.

Circuit Court of Appeals, Third Circuit.
January 11, 1928.

Rehearing Denied March 14, 1928.

No. 3664.

**1. Pleading ⟷2—Amendment to Practice Act held inapplicable to pending action (Practice Act Pa. 1925, amending Practice Act 1915).**

Practice Act Pa. March 30, 1925 (P. L. 84), amending Practice Act 1915, *held* inapplicable to action in which case was fully at issue under old law before amendatory act took effect, since there was no provision in amendatory act that pleadings in pending actions should be recast.

**2. Courts ⟷366(1)—Federal court held bound by state court's construction of state practice statutes.**

Federal courts *held* bound by ruling of Supreme Court of Pennsylvania in its construction of Pennsylvania Practice Acts.

**3. Insurance ⟷668(7)—Whether insured consulted doctor contrary to representations, or between date of medical examination and delivery of policy, held for jury.**

In action on life insurance policy, evidence as to whether insured had consulted physician, contrary to his representations, or between date of medical examination and delivery of policy, *held* sufficient to take the case to jury.

**4. Insurance ⟷255—Insured's misrepresentation, to invalidate life policy, must be of such importance that, but for such misrepresentation, company would not have written policy.**

In order to strike down life insurance policy for misrepresentation by insured, it must be of such substantial importance that insurance company, but for such misrepresentation, would not have written contract of insurance.

**5. Insurance ⟷668(6)—Materiality of insured's misrepresentation in securing life policy is for jury in doubtful case.**

When it is doubtful whether misrepresentation of insured in obtaining life policy was material, question of materiality must be submitted to jury.

Error to the District Court of the United States for the Western District of

24 F.(2d)—1

Pennsylvania; Frederic P. Schoonmaker, Judge.

Action by Jennie Cumins against the New York Life Insurance Company. Judgment for plaintiff, and defendant brings error. Affirmed.

Clark Miller, William H. Eckert, and Gordon, Smith, Buchanan & Scott, all of Pittsburgh, Pa., for plaintiff in error.

Charles H. Sachs and Sachs & Caplan, all of Pittsburgh, Pa., for defendant in error.

Before BUFFINGTON, WOOLLEY, and DAVIS, Circuit Judges.

PER CURIAM. This case, a suit to recover upon a policy of life insurance, was begun in a state court and from thence removed by the insurance company to the court below. In that court on September 24, 1924, the defendant filed an affidavit of defense, which pleading, by the Pennsylvania Practice Act of 1915 (P. L. 483; Pa. St. 1920, §§ 17181–17204), made the issue in the case. On September 16, 1926, the insurance company petitioned the court for leave to file an amended affidavit of defense, which by virtue of the amended Practice Act of Pennsylvania of March 30, 1925 (P. L. 84), would have materially changed the issue. The petition was refused, and on trial the court tried the case and ruled that said latter act of 1925 had no effect on the pleadings. The insurance company at the trial prayed for a directed verdict in its favor, which was refused, and the case resulted in a judgment for the plaintiff. The denial of the petition for leave to file the amended affidavit of defense, or to rule as though it had been filed, and the refusal of the motion for a directed verdict form the two questions here involved.

[1-5] The opinion of the court below on mo-

tion for a new trial, printed in the margin,[1] summarizes the facts of the case and the reasons given by the court in justification of its rulings. As this opinion covers both questions here involved, and as its reasoning and conclusion commend it to us, it is apparent that an additional opinion by this court would simply be an effort to restate in different language what has been tersely, yet fully and adequately, stated by the trial judge.

We therefore limit ourselves to adopting his conclusions and affirming the judgment entered pursuant thereto.

---

[1] SCHOONMAKER, District Judge. This is an action at law by plaintiff, widow of William Cumins, to recover the proceeds of a life insurance policy upon his life, payable to plaintiff as beneficiary. There was a jury trial, which resulted in a verdict for the plaintiff for the amount of the policy. The defendant has filed a motion for a new trial, urging in support thereof: (1) That the court erred in not admitting in evidence the averments of the defendant's affidavit of defense, not denied by a reply from the plaintiff; and (2) that the court erred in not giving the jury binding instructions to find for the defendant.

The first point involves a determination of the applicability of the Pennsylvania Practice Act of March 30, 1925, amending the Practice Act of 1915. Section 2 of the amendatory act provides: "Every allegation of fact in the plaintiff's statement of claim, or in the defendant's set-off or counterclaim, or new matter, if not denied specifically or by necessary implication in the affidavit of defense, or plaintiff's reply, as the case may be, or if no affidavit of defense or plaintiff's reply be filed, shall be taken to be admitted. * * *"

This action was brought and was at issue under pleadings filed under the Pennsylvania Practice Acts as they then stood prior to the effective date of the act of 1925. In that situation the act of 1925 had no application whatever to the instant case. The defendant then sought to bring the pleadings in this case within the purview of the amendatory act by undertaking on September 16, 1926, to refile its affidavit of defense in the guise of an amended affidavit of defense with a notice indorsed thereon to the plaintiff, requiring her to reply to the new matter set out in the affidavit of defense. Leave to file this paper was refused by the court, thus leaving the pleadings in the case as they stood prior to the passage of the amendatory act of 1925.

The case must then proceed to trial on the pleadings as they stood prior to the amendment. There was then no sanction for taking as admitted new matter set out in the affidavit of defense, to which the plaintiff had not replied. The case was fully at issue under the old law. There was no provision in the amendatory act that the pleadings in pending actions must be recast to comply with the provisions of the new statute. The act of 1925 had no applicability to the pending suit. We therefore hold that we committed no error in refusing to admit in evidence the allegations of new matter contained in the defendant's affidavit of defense.

We have carefully considered the cases of Kille v. Reading Iron Works, 134 Pa. 225, 19 A. 547, and Lane v. White, 140 Pa. 99, 21 A. 437, cited by defendant as supporting its position.

We are in full accord with the views expressed by the Supreme Court of Pennsylvania in those cases, and consider ourselves bound by the rulings of that court in its construction of Pennsylvania Practice Acts; but it will be noted in those cases that the Supreme Court merely applied the provisions of the amendatory acts to future procedure to be taken in cases begun before the acts passed. This we would have done in the instant case, had there been no pleadings filed prior to the effective date of the amendatory act. However, the pleadings in this action were complete. The issue had been made. There was no need to hold up the action and refile the pleadings under the new law.

The defendant contended that under the undisputed testimony it appeared (1) that Cumins had procured the policy by fraud, in that he had made material misrepresentations as to his health in his application for insurance, when he stated that he had not consulted a physician within five years, except for usual colds, he (defendant) having offered testimony from two physicians as to consultations with Cumins within that period; and (2) that the policy by its own terms never became effective, because, between the date of his medical examination and the date of the delivery of the policy, Cumins had consulted a physician. True, the defendant offered testimony as to the consultation with physicians within the periods mentioned; but it was not undisputed, for the plaintiff offered the testimony of several witnesses, who testified as to the healthful appearance of Cumins during this period, which, if believed by the jury, would tend to rebut defendant's testimony as to consultation with physicians as to a material ailment. In fact, it should be noted that there was no evidence offered by the defendant as to the ailments, if any, about which Cumins consulted the physicians named, so that the jury might properly infer and find, in view of the testimony as to the healthful appearance of Cumins, that the consultations either did or did not take place or were not for a material ailment.

In order to strike down a policy for misrepresentation by the insured, it must be of such substantial importance that the insurance company, but for this misrepresentation, would not have written the contract of insurance. Miller v. Maryland Casualty Co., 193 F. 343 (C. C. A. 3d Cir.); New York Life Insurance Co. v. Moats (C. C. A.) 207 F. 481. When it is doubtful whether the misrepresentation was material or not, the question of materiality must be submitted to the jury. Miller v. Maryland Casualty Co., supra.

Under these authorities, it would have been error to have directed verdict in this case for the defendant. Defendant's motion for a new trial will be denied.