## NORWICH UNION INDEMNITY CO. v. H. KOBACKER & SONS CO.

Circuit Court of Appeals, Sixth Circuit. March 15, 1929.

No. 5103.

Frank X. Cull, of Cleveland, Ohio (Bulkley, Hauxhurst, Jamison & Sharp and Ray-

mond G. Hengst, all of Cleveland, Ohio, on the brief), for plaintiff in error.

James I. Boulger, of Columbus, Ohio (E. J. Schanfarber, of Columbus, Ohio, on the brief), for defendant in error.

Before MOORMAN, HICKS, and HICKENLOOPER, Circuit Judges.

HICKENLOOPER, Circuit Judge. This was an action at law, brought by the defendant in error to recover upon a policy of burglary insurance. No formal application was made by the insured, but answers to certain questions in the schedule were supplied by the soliciting agent upon his then mistaken understanding of the facts. Such schedule contained inter alia the following:

"Schedule.

"The following statements, No. 1 to 8, inclusive, are hereby made a part of this policy and are warranted by the assured to be true.

\* \* \* \* \* \*

"5 (b) A private watchman employed exclusively by the assured will be on duty within the premises at all times when the premises are not regularly open for business, while this policy is in force (yes or no).

"Yes—two.

"(c) The watchman described in paragraph (b) will make hourly rounds and record same on a watchman's clock, or will signal an outside central station at least hourly (state which).

"Hourly rounds record on watchman's clock."

At the time of the burglary occasioning the loss only one watchman was on duty, but he signaled hourly to an outside agency. On behalf of the insurer it is claimed that the quoted provisions of the policy were warranties, specifically made so by the contract, and that literal compliance therewith was a condition precedent to recovery. On behalf of the insured it is contended that the answers to the questions were supplied by the insurer's agent under the belief that they represented the true practice of the insured; that the policy was not read after delivery nor its terms specifically called to the attention of the insured; that under such circumstances the insurer must be charged with responsibility for any error therein; and that such answers were at best representations and not warranties, and one watchman signalling to an outside agency was the recognized full equivalent

and substantial performance of a representation that two watchmen would be employed recording hourly rounds upon a watchman's clock, a lower premium being charged in the former case than in the latter. The court below directed a verdict for plaintiff for the amount of the loss upon the contentions just stated.

Under the decision of the Supreme Court in Lumber Underwriters v. Rife, 237 U. S. 605, 35 S. Ct. 717, 59 L. Ed. 1140, the insured must be charged with knowledge of the provisions of the policy without regard to whether it was read or by whom the answers were supplied. Nor does any question of estoppel arise. Since the portions of the schedule here involved are wholly prospective in their nature and prescribe the conduct of the insured in control of the premises after the policy becomes effective, past practices, even though the insurer's agent were charged with knowledge of them by assuming to supply the above answers, would not be controlling as to the future and the agent's mistake as to the intended future practice could not, in an action at law, effect an alteration of the terms of the policy because of the provisions of section 14 that no such alteration shall be valid "unless the same be signed by an executive officer of the company." Cf. Hartford Fire Ins. Co. v. Jones, 15 F.(2d) 1 (C. C. A. 6). The precise question is, therefore, whether the answers to the questions, above quoted, constitute promissory warranties, and, if not, whether they are technical representations or other form of contractual obligation and then whether they have been substantially performed.

In so far as the answers are responsive to the questions propounded, manifestly asked as a part of the application and as the basis for acceptance or rejection of the risk, they clearly constitute promissory warranties with which literal compliance is required as a condition to liability attaching. Shamrock Towing Co. v. American Ins. Co., 9 F.(2d) 57 (C. C. A. 2); Whealton Packing Co. v. Ætna Ins. Co., 185 F. 108, 34 L. R. A. (N. S.) 563 (C. C. A. 4); Penn-National Hdw. Mut., etc., Co. v. General Finance Corp., 16 F.(2d) 36 (C. C. A. 5); Hartford Fire Ins. Co. v. Nance, 12 F. (2d) 575 (C. C. A. 6); Maryland Casualty Co. v. Bank of England, 2 F.(2d) 793 (C. C. A. 8); Boston Ins. Co. v. Hudson, 11 F. (2d) 961 (C. C. A. 9); Lumber Underwriters v. Rife, supra. No difference in principle exists between those cases in which the warranty is prospective and promissory in

its nature and those cases in which a false answer is given to a specific question asked by the insurer as to fact, except that in the latter case the contract is voidable ab initio, while in the case of the promissory warranty liability only is avoided in the event of breach, the policy remaining in force.

The rule regarding false answer to a specific inquiry is tersely stated in Bella S. S. Co. v. Ins. Co. of N. A., 5 F.(2d) 570, 572 (C. C. A. 4), as follows: "When a specific inquiry concerning the risk is made and an untrue answer given, the policy is avoided whether inquiry and answer were in the view of the court and jury material or not, because the insurer has the right to decide for himself what is material to his risk, and his inquiry is notice to the applicant for insurance that he regards the answer material." Compare, also, N. Y. Life Ins. Co. v. Goerlich, 11 F.(2d) 838 (C. C. A. 6), and Hartford Fire Ins. Co. v. Jones, 15 F.(2d) 1, 2 (C. C. A. 6).

In the early case of Buell v. Connecticut Mut. Life Ins. Co., 4 Fed. Cas. 590, No. 2,104, the Circuit Court for the Northern District of Ohio defined the distinction between a warranty and a representation as: "Where the answers are responsive to direct questions asked by the insurance company, they are to be regarded as warranties, and where they are not so responsive, but volunteered without being called for, they should be construed to be mere representations." The court was there referring to an unresponsive answer untruthfully stating a past fact. But in here determining whether the unresponsive portion of the answer "Yes—two" was strictly a warranty, we see no reason for departing from the doctrine thus announced in the Buell Case. The question contained in the schedule made inquiry as to the employment of "a private watchman," and the insurer was apparently indifferent as to the number so employed. The answer "Yes" was a full and complete answer. The word "two" was unresponsive and gratuitously supplied. The next inquiry also pertained to "the watchman," in the singular, and we are of the opinion that in so far as the employment of a watchman was concerned, the responsive part of the answer, "Yes," constituted a promissory warranty, but that the insured cannot be held in the present case to a strict warranty for the employment of two watchmen.

Anticipating this position, the defendant below insists that, if the employment of two watchmen be not a warranty, it is at least a representation under the decision of the Buell Case, and strict compliance therewith is required, if such representation be as to a matter "material to the risk." It is further contended that, in the present case, the representation was material to the risk as a matter of law, since it bore upon the acceptability of the risk and the rate of premium.

Discussion of questions of materiality usually arises in cases where the policy provides that, in the absence of fraud, statements contained in the application are to be considered as representations, and not as warranties—see N. Y. Life Ins. Co. v. Price, 16 F.(2d) 660 (C. C. A. 5)—or in cases originating under state statutes providing that no misrepresentation or unproved statements of the applicant, made in good faith, shall effect a forfeiture or be ground of defense, unless the same relate to some matter material to the risk. Penn Mutual Life Ins. Co. v. Mechanics' Sav. B. & T. Co., 72 F. 413, 38 L. R. A. 33 (C. C. A. 6), an exhaustive opinion by Judge Taft, now Mr. Chief Justice Taft; N. Y. Life Ins. Co. v. Cumins, 24 F.(2d) 1 (C. C. A. 3). Or materiality to the risk may be relevantly involved in cases of concealment in marine insurance or in other cases not within the general doctrine that that information which is not asked is presumably deemed immaterial. Stipcich v. Metropolitan Life Ins. Co., 277 U. S. 311, 48 S. Ct. 512, 72 L. Ed. 895.

None of the authorities cited to us, however, state the rule to be applied where information, promissory in its nature, is not sought by the insurer, is volunteered by the insured, and at least has some reference to the risk and effect upon the amount of premium. Nor have we found the phrase "promissory representation" in use, common or occasional, in the decisions, texts, or other literature upon the subject. In all decisions brought to our attention the representations falling within the doctrines of insurance law, as distinguished from the general or common law, involved alleged misstatements of fact. We are therefore not inclined to extend the special doctrines of the insurance law to cover, as technical representations, matter which is solely prospective and promissory in its nature.

It does not follow, however, that because the word "two" is unresponsive to the question, and is therefore not to be considered as a technical warranty, and is further not within the strict definition of insurance representations, it is to be con-

sidered as wholly without effect. We are concerned here with a written contract. Obviously "two" was inserted therein for some purpose, and would have direct relation to the issuance of a policy (acceptability of the risk) and to the hazard to be incurred by the insurer. It is the duty of the court to give effect to all parts of a written contract, if this can be done consistently with the expressed intent of the parties. This can be done here only by construing the instant answer as an agreement on the part of the insured, as a party to the contract, to maintain two watchmen at all times while the policy is in force, and as imposing substantial performance of such agreement as a condition precedent to liability attaching.

While the provisions of the policy differ here from those in the case of H. & S. Pogue Co. v. Fidelity & Casualty Co., 299 F. 243 (C. C. A. 6), this case must be governed by the same general underlying doctrine as was there applied. The insured being charged with knowledge of the contents of the policy by which a definite obligation is assumed, no recovery may be had in the absence of substantial performance by the insured of such obligation. Nor can we say, as a matter of law, that one watchman signaling to an outside agency is substantial performance of an agreement at all times to employ two watchmen recording hourly rounds on a watchman's clock. In so holding, in substance, the court below erred. The two are essentially different, although they may be regarded by underwriters as affording equal protection to the insurer.

If the employment of one watchman signaling to an outside agency was, in the insurance business, the full equivalent in protection to two watchmen recording rounds upon a watchman's clock and by mutual mistake the wrong provision was inserted in the policy, and we do not doubt that the policy would have issued as readily upon one basis as the other, the insured must seek relief by reformation of the contract on the equity side of the court. Forkner v. Twin City Fire Ins. Co., 19 F. (2d) 419 (C. C. A. 6). The pleadings in the present case do not seek such reformation as reply to the defenses of the insurer (cf. Judicial Code, § 274a [28 USCA § 397]) and we are of the opinion that no action may be maintained at law upon the contract as if so reformed. As was said in the Rife Case, "the court is not at liberty to introduce a short cut to reformation by letting the jury strike out a clause." By the same token the court cannot in an action at law substitute one provision for the other, when they are substantially different, and even though they are considered as affording practically equivalent protection.

The judgment of the court below is reversed, and the cause remanded for further proceedings not inconsistent herewith.