## HADDAD v. NEW YORK LIFE INS. CO.
### No. 5526.

Circuit Court of Appeals, Sixth Circuit.

June 28, 1930.

Irwin Geiger, of Cleveland, Ohio (Geiger & Williams, of Cleveland, Ohio, on the brief), for appellant.

J. H. Schultz, of Cleveland, Ohio (Garfield, Cross, MacGregor, Daoust & Baldwin, of Cleveland, Ohio, on the brief), for appellee.

Before DENISON, HICKS, and HICK-ENLOOPER, Circuit Judges.

DENISON, Circuit Judge.

The insurance company obtained a decree in the court below vacating a life and sickness indemnity policy upon which Haddad was making claim. The ground of the relief was that he had procured the policy by the false representation that for the preceding five years he had not consulted nor been examined or treated by any physician. It appeared beyond dispute at the trial that for some two or three years before the application date he had been suffering, habitually if not continually, severe abdominal pains with persistent fever; that for this period he had been under continual treatment by his family physician who could not ascertain the cause of the trouble; that for its better understanding he had been submitted for observation at two hospitals and to repeated X-ray and other examinations; but that no satisfactory diagnosis had been made. He was undoubtedly a sick man, although one physician was driven to think that his pains might be the result of Haddad's own certainty that he was ill. Within a few months after he obtained the policy, he was taken with internal hemorrhages and submitted to a gall bladder operation, and at the time of the trial was not yet well.

The only defense Haddad makes is to say that the misrepresentation was not material and that the soliciting agent who wrote the policy knew all about Haddad's condition and experiences, and then to rely upon the Ohio statute (Ohio General Code, § 9391), which says that no false answer shall affect the validity of the policy "unless it be clearly proved that such answer is wilfully false, was fraudulently made, that it is material, and induced the company to issue the policy, and that but for such answer the policy would not have been issued; and, also that the agent or company had no knowledge of the falsity or fraud of such answer."

■ Whether in this case the agent had such knowledge is wholly a question of fact. Upon the trial he testified that he had not; he was confronted with an affidavit which he had furnished to plaintiff's attorney, which admitted full knowledge; he insisted that he made this affidavit under pressure from the plaintiff; the plaintiff insisted that the agent was now making denial under pressure from the insurance company. Both plaintiff and agent testified as witnesses in open court before the trial judge. He believed the agent's testimony rather than the repudiated affidavit. This is the typical situation in which the appellate equity court does not disturb the fact conclusions of the trial judge unless satisfied of his error. We see no sufficient reason for not accepting them.

■ The false representation that no physician had been consulted for five years was, as a matter of law, material; its materiality was not even for a jury. This has been decided by this court. New York Life v. Goerlich, 11 F.(2d) 838, 841; Norwich Union Co. v. Kobacker, 31 F.(2d) 411, 413. If the statutory requirement that the false answer induced the company to issue the policy and that it would not have been issued except for the answer means anything in addition to the requirement for materiality, it was met by the express testimony of the representative of the company who passed upon all policies before they were issued, examining the applicants' answers to the various questions, and who testified that the policy would not have been issued but would have been at least held up for further inquiry, if this answer had been truthful. It may well be that where the inquiry is whether a certain representation as to health was really material to the risk, the testimony should come from health experts and not from clerks who pass the case for issue. Hartford Co. v. Harmer, 2 Ohio St. 452, 59 Am. Dec. 684; Penn Mut. Life Insurance Co. v. Mechanics' Bank [C. C. A. 6] 72 F. 413, 38 L. R. A. 33. But as to whether this policy would have been issued by this company except for this answer, the person who decided that question for the company was plainly competent.

It is entirely clear to us, as a matter of law upon the undisputed facts, that this answer was willfully false, was fraudulently made, was material, and that but for it the policy would not have been issued.

The decree of the District Court was therefore right and is

Affirmed.