**Markus ABUJA, Appellant, v. UNITED STATES of America, Appellee.**

No. 7653.

Circuit Court of Appeals, Sixth Circuit.
March 4, 1937.

F. E. Wetmore, of Hart, Mich., for appellant.

Jos. M. Donnelly, U. S. Atty., of Grand Rapids, Mich.

Before MOORMAN, HICKS, and SIMONS, Circuit Judges.

PER CURIAM.

It appearing to the court that the appeal in this cause has been abandoned, it is ordered that the appeal be, and the same is, docketed and dismissed, the costs to be charged against the government as constructive earnings.

**Mamie Martin ALBRIGHT, Appellant, v. KENTUCKY HOME LIFE INSURANCE COMPANY, Appellee.**

No. 7100.

Circuit Court of Appeals, Sixth Circuit.
March 4, 1937.

W. A. Guild, of Nashville, Tenn., for appellant.

Cecil Sims, of Nashville, Tenn., for appellee.

Before HICKS, SIMONS, and ALLEN, Circuit Judges.

PER CURIAM.

This cause was heard upon the record, briefs, and argument of counsel, and on consideration of all which the court is of opinion that there is no error in the decree of the District Court that the insured, William Francis Albright, procured the reinstatement of policy No. 113,670, issued upon his life by Inter-Southern Life Insurance Company October 1, 1923, and assumed by appellee, by false and untrue statements made with actual intent to deceive and relating to a material matter which increased the risk of loss, Haddad v. New York Life Ins. Co., 42 F.(2d) 651, 652 (C.C.A.6); New York Life Ins. Co. v. Cohen, 57 F.(2d) 494, 496 (C.C.A.6); Lyttle v. Pacific Mutual Life Ins. Co., 72 F.(2d) 140, 142 (C.C.A.6); that the certificate of reinstatement of the policy issued March 17, 1933, was contestable within one year from its date because of the fraud of Albright in procuring its issuance, New York Life Ins. Co. v. Seymour, 45 F.(2d) 47, 49 (C.C.A.6); and that there is no merit in the contention that appellee's right of cancellation was waived by the alternative allegations of paragraph 3 of the bill (stricken out by leave of the court before trial) to the effect that, because of Albright's intentional self-destruction, one-tenth only of the principal sum of the policy was due by reason of the suicide clause therein. Ætna Life Ins. Co. v. Bellos, 158 Tenn. 554, 559, 13 S.W.(2d) 795, 14 S.W.(2d) 961.

It is therefore ordered and adjudged that the decree of the District Court be, and the same is, in all things affirmed.