**J. Shelby COFFEY, Jr., Trustee in Bankruptcy for Oakes Furniture Manufacturing Company, and Manufacturers and Commercial Factors Corporation, Plaintiffs-Appellants,**

v.

**INDIANA LUMBERMAN'S MUTUAL INSURANCE COMPANY, Defendant-Appellee.**

**UNITED STATES of America, Plaintiff-Appellant,**

v.

**INDIANA LUMBERMAN'S MUTUAL INSURANCE COMPANY, Defendant-Appellee.**

Nos. 16836, 16837.

United States Court of Appeals
Sixth Circuit.

Feb. 16, 1967.

J. Shelby Coffey, Jr., Columbia, Tenn., for Coffey et al.

Thomas L. Stapleton, Department of Justice, Washington, D. C., for United States. Robert W. Sturdivant, Nashville, Tenn., on brief; Trabue, Minick, Sturdivant & Harrbison, Nashville, Tenn., Richard M. Roberts, Acting Asst. Atty. Gen., Lee A. Jackson, I. Henry Kutz, Thomas L. Stapleton, Attorneys, Department of Justice, Washington, D. C., James F. Neal, U. S. Atty., Thomas H. Shriver, Asst. U. S. Atty., Nashville, Tenn., of counsel.

Clarence Evans, Lewis S. Pope, Thomas E. Watts, Jr., Nashville, Tenn., on brief; Farris, Evans & Evans, Nashville, Tenn., of counsel, for appellee.

Before O'SULLIVAN and CELEBREZZE, Circuit Judges, and WEINMAN *, District Judge.

PER CURIAM.

These appeals are from a judgment of the District Court in a suit instituted by the Trustee in Bankruptcy, J. Shelby Coffey, Jr., in behalf of the Bankrupt, Oakes Manufacturing Company (hereinafter referred to as the Insured), against the Indiana Lumbermen's Mutual Insurance Company (hereinafter referred to as the Insurance Company) for recovery under an insurance policy contract for a fire loss which occurred at the Insured's furniture plant. The Insurance Company filed an answer and cross-complaint admitting liability in the amount of $33,-000. under the mortgage clause of the policy to the Small Business Administration but denying any and all other liability. It tendered the $33,000. into court and sought further relief in the nature of interpleader against nine additional parties who might have an interest in the contested sum. Only one of the cross-defendants, the Manufacturers and Commercial Factors Corporation, an Appellant here, which had a secured lien on the insured property in the amount of $17,-140.80, filed an answer. The United States, also an Appellant, intervened in the action to assert a tax claim in the amount of $27,739.37.

The Insurance Company rejected the claim of the Insured and for its defense relied upon the following facts: The Insured informed the Insurance Company by letter that as of June, 1957, it was not maintaining a watchman service, but that watchman service had been instituted on Tuesday night, August 13, 1957; that a watchman was on duty during hours when the plant was not in operation, and over the weekend, and asked that a credit on the premium charged by the Insurance Company be made by reason of the re-institution of its watchman's service. Relying upon the representation and request made by the Insured, the Insurance Company agreed, on September 10, 1957, to make the standard watchman's clause effective, and substantially reduced, as a result of Insured's representation, the premium rate. The watchman's clause and rate reduction were in force from 1957 until the fire on December 12, 1960, destroyed the Insured's plant. The Watchman's Clause of the policy provided:

"In consideration of the reduced rate of premium at which this policy is written, it is made a condition of this policy that, so far as within the control of the Insured, an approved watchman's service with approved recording system or watch clock shall be maintained at such times as the premises are not in actual operation."

The evidence disclosed that Insured had laid off on or about November 28, 1960, most of its employees, including the three watchmen who had been in the employ of the Insured. The Insured had no watchmen in its employ at the time of the fire and no approved watchman's service of any kind was maintained or engaged by the Insured either at the time of the fire, and for some time prior thereto.

The Insurance Company maintained that the Insured's failure to comply with

* Honorable Carl A. Weinman, Chief Judge, United States District Court, Southern District of Ohio, sitting by designation.

said watchman's clause was a material breach of the policy contract and therefore the contract as to Insured was rendered void. The Insurance Company also claimed the insured premises were not in actual operation at the time of the fire.

The Insurance Company and Trustee for the Insured Bankrupt filed motions for summary judgment. The District Court denied both motions.

At the conclusion of Plaintiff's case, the Insurance Company moved for a directed verdict. The District Court denied the motion, stating:

"Mr. Evans, let me interrupt you just one second, let me say this, that I think that the question of watchman's service, there was no watchman's service. There was no compliance with the watchman clause by the Oakes Company (Insured). I think that is clear. * * * It seems that the only question we have in it is whether the plant was in actual operation within the meaning of the policy at the time the fire occurred."

The case was submitted to the jury, which resolved two fact questions by finding that the fire occurred while the Insured's plant was in actual operation, but that the discontinuance of the watchman's service several weeks before the fire constituted an increase of the hazard contemplated by the parties at the time the policy was written, and that this hazardous situation was still in existence at the time of the fire. Judgment was then entered for the Insurance Company.

■ We agree that under the facts of this case, the failure to provide the watchmen as required by the policy defeated recovery under a provision of the policy prohibiting increases in the hazard.

■ Further, the Court, having found there was no compliance with the watchman's clause, should have granted the Insurance Company's motion for a directed verdict. The evidence was clear that approximately twelve days before the fire the Insured had dismissed its watchmen, thereby committing a wilful breach of its contract of insurance. This breach continued up to the time of the fire. In addition to not having an approved watchman's service, the Insured testified that it had no recording system or watch clock as required under the watchman's clause of the policy.

"The insured being charged with knowledge of the contents of the policy by which a definite obligation is assumed, no recovery may be had in the absence of substantial performance by the insured of such obligation." Norwich Union Indemnity Co. v. H. Kobacker & Sons Co., 31 F.2d 411, 87 A. L.R. 1069 (C.A.6).

■ Where the Insured contracted to employ watchmen and install an approved recording system or watch clock, in consideration of a reduced premium rate it became a material warranty and a breach on Insured's part prevents recovery. A warranty in insurance law is a statement or condition which forms a part of the contract whereby the insured agrees that certain acts have been or shall be done, and the validity of the contract depends upon the exact fulfilment of the condition. 7 Couch on Insurance 2nd, Section 36:2. The effect of a breach of warranty is not altered by the fact that such breach did not in any way relate to or cause the loss sustained. 7 Couch on Insurance 2nd, Section 36:42. As this Court said in Home Insurance Co. v. Ciconett, 179 F.2d 892 (C.A.6, 1950):

"It is settled that a warranty in a contract of insurance must be literally complied with; that the only question in such case is whether the thing warranted to be performed was or was not performed; and that a breach of the warranty releases the company from liability regardless of the fact that a compliance with the warranty would not have avoided the loss."

Judgment of the District Court is affirmed.